Nov. Term, 1859.

WOODWARD v. ELLIOTT.

*L. Chamberlain*, for the appellant.

---

## WOODWARD *v.* ELLIOTT and Others.

Payment to extinguish a bill of exchange must be to the real proprietor, where the relation to it, of all parties interested, is known.

Monday, December 19.

APPEAL from the *Daviess* Court of Common Pleas.

WORDEN, J.—Action by the appellant against the appellees, on a bill of exchange drawn by *Cox, Angel*, and *Pitt*, in favor of *Joseph A. Moffit*, upon the defendants, and by them accepted, and indorsed by *Moffit* to the plaintiff.

There was, amongst other defenses set up, a plea of payment to the holder before the commencement of the suit. The bill was for 289 dollars, 30 cents.

Trial; verdict for plaintiff for 76 dollars, 12 cents. Motion for a new trial made by plaintiff, and overruled; exception, and judgment.

There seems to be no question involved, except as to the payment, in part, of the bill.

To sustain the plea of payment, the defendants proved, that they sent 235 dollars to *Cox*, *Angel*, and *Pitt*, the drawers of the bill, and it may fairly be inferred, from the evidence, that the money was received by them. But it is difficult to perceive how this could operate to extinguish the bill *pro tanto*, it being then in the hands of the payee, or his assignee. By the acceptance of the bill, the defendants did not become bound pecuniarily to *Cox*, *Angel*, and *Pitt*, the drawers of the bill, but to *Moffit*, the payee; and *Moffit's* assignment of the bill to the plaintiff, transferred to him all his rights.

Payment, in order to extinguish the bill, should be made to the real proprietor. Even payment to the payee will be inoperative, if he have ceased to be the proprietor of it by having indorsed it to another person, and the drawee have notice of the fact. Chit. on Bills, 393. Payment by the acceptor to the drawer, could no more affect the rights of the payee, or his indorsee, than the bestowal of so much money to a person not a party to the bill. Besides this, it is shown by the evidence that the defendants, at least one of them, was notified by the plaintiff that he was the holder of the bill before the money was sent to *Cox*, *Angel*, and *Pitt*.

We are of opinion that the defense of payment wholly failed, and that the motion for a new trial should have prevailed.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*R. Crawford*, for the appellant.